# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miller, : 
               Petitioner : 
                : 
        v. : No. 176 C.D. 2022
                : Submitted: October 21, 2022
Prospectus Associates, Inc. : 
(Workers' Compensation Appeal : 
Board), : 
               Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER     FILED: March 22, 2023**

Thomas Miller (Claimant) petitions for review of a February 2, 2022 Order of the Workers' Compensation Appeal Board (Board) that affirmed the February 1, 2021 Decision of a Workers' Compensation Judge (WCJ), granting the Modification Petition filed by Prospectus Associates, Inc. (Employer). Claimant argues the impairment rating evaluation (IRE) upon which the modification was based was performed pursuant to an unconstitutional law, namely Section 306(a.3) of the Workers' Compensation Act (Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Claimant also argues it was error to award Employer credit for any periods of total or partial disability prior to enactment

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3. Section 306(a.3) was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

of Act 111, given his work injury predates Act 111. Consistent with this Court's precedent, we hold Act 111 is not constitutionally infirm and Employer was entitled to credit pursuant to Act 111. Accordingly, we affirm the Board's Order.

The pertinent facts of this matter are not disputed. On April 22, 2010, Claimant suffered a work-related injury, specifically a cervical disc herniation at C5-6 and C6-7, in the course and scope of his employment with Employer. On November 26, 2019, Employer filed the Modification Petition seeking to have Claimant's benefits changed from temporary total disability to temporary partial disability based upon an IRE performed by Scott Naftulin, D.O., on October 21, 2019. Dr. Naftulin opined that Claimant reached maximum medical improvement and, using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing, (*Guides*), concluded Claimant's whole-person impairment was eight percent.

Before the WCJ, Claimant did not offer any medical evidence to challenge the impairment rating. Instead, Claimant argued the Modification Petition should be denied because Claimant had yet to receive 104 weeks of total disability as required by Act 111. In addition, Claimant argues that Act 111 was unconstitutional.

The WCJ found the testimony and opinion expressed by Dr. Naftulin was "credible, convincing[,] and persuasive." (WCJ Finding of Fact ¶ 2.) Accordingly, the WCJ concluded Employer met its burden of proof and granted the Modification Petition, changing Claimant's status from temporary total disability to temporary partial disability as of October 21, 2019, the date of the IRE. (WCJ's Decision, Conclusion of Law (COL) ¶ 2 & Order.) In doing so, the WCJ rejected Claimant's argument about the constitutionality of Act 111 as having already been decided and, concluded that, pursuant to Act 111, Employer was entitled to credit for the 104

weeks of temporary total disability previously paid, as well as credit for any periods of partial disability Employer previously paid.  (COL ¶¶ 2-3 & Order.)

Claimant appealed to the Board, arguing Act 111 was an unconstitutional delegation of legislative power.  Claimant further argued that applying Act 111 to him was unconstitutional as his injury predated its enactment.  In addition, Claimant argued that 104 weeks had not passed between Act 111's enactment and the filing of the Modification Petition, rendering it premature.  Lastly, Claimant argued Employer should not receive credit for any weeks of partial disability previously paid.[2]  The Board explained that it, similar to the WCJ, "cannot declare a provision of the Act to be unconstitutional[,]" as it is outside the Board's jurisdiction.  (Board Op. at 4.)  Notwithstanding, the Board noted it can apply the holdings of Pennsylvania appellate courts, which have addressed the constitutionality of Act 111.  (*Id*.)  Citing *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed Aug. 18, 2020), the Board concluded this Court already determined that Act 111 was not an unconstitutional delegation of legislative power.  (Board Op. at 4.)  Citing *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), the Board concluded that while an IRE performed before the enactment of Act 111 could not be used to modify a claimant's benefits, an IRE performed after and consistent with Section 306(a.3) could, and pursuant to Section 3 of Act 111, an employer was entitled to credit for past payments.  (Board Op. at 4-5.)  Finally, the Board cited *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania*

---

[2] The Board noted that it was "unclear from the record" when Claimant's disability status was previously modified from total to partial, but "the parties seem to agree that Claimant received partial disability benefits for some period of time."  (Board's Op. at 3 n.3.)  Like the Board, the Court finds the lack of specific dates does not impact its analysis.

3

*Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 261 A.3d 378 (Pa. 2021), for the conclusion that Act 111 is not unconstitutional on its face. (Board Op. at 5.) Therefore, the Board rejected Claimant's arguments and affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review. Before this Court,[3] Claimant argues, as he did before the WCJ and Board, that Act 111 is an unconstitutional delegation of legislative authority, that the IRE was invalid because Claimant had not yet been paid 104 weeks of total disability benefits after Act 111 was enacted, that his injury predates Act 111 and therefore it cannot apply to his injury, and that Employer should not receive credit for any periods of disability (total or partial) paid prior to Act 111's enactment. Claimant appears to recognize that the Court has previously rejected similar arguments but asserts the "Court's opinions for all practical purposes have given life back to [former] Section 306(a.2) of the Act," *formerly* 77 P.S. § 511.2,[4] which was the IRE provision found unconstitutional by the Supreme Court in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), "and have thereby permitted employers and their workers' compensation insurance carriers the benefit once again of that unconstitutional provision." (Claimant's Brief at 8-9.) Claimant also argues Act

---

[3] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[4] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

4

111 violates injured workers' vested rights in violation of the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, Pa. Const. art. I, § 11.[5]

Employer responds that this Court has rejected these same arguments in *AFL-CIO*, *Pierson*, and more recently, *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021). Given this precedent, Employer asks the Court to affirm the Board's Order.

The history of former Section 306(a.2) and the subsequent enactment of Section 306(a.3) through Act 111 has been thoroughly explained in numerous decisions of this Court. Thus, an exhaustive overview of that history is not needed here. It is sufficient to say that Act 111 largely reenacted the IRE provisions found in former Section 306(a.2),[6] and claimants, employers, and insurers have been testing the parameters of the Supreme Court's decision in *Protz* and the Legislature's subsequent enactment of Act 111/Section 306(a.3) ever since. However, the arguments raised by Claimant here have been raised by other claimants in the past and have consistently been rejected, as the Board correctly recognized.

First, in *AFL-CIO*, we held Act 111, unlike its predecessor, was not an unconstitutional delegation of legislative authority. 219 A.3d at 319. In *Pierson*, we rejected an argument identical to Claimant's argument here that the IRE he underwent was premature because fewer than 104 weeks had passed between the

---

[5] The Remedies Clause provides, in relevant part, that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay . . . ." PA. CONST. art. I, § 11.

[6] Act 111 differed from its predecessor in a few regards. First, it specified that IREs were to be performed using the sixth edition, second printing April 2009 version of the *Guides*, instead of "the most recent edition of the . . . Guides," as the former IRE provision did. *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, claimants are now presumed to be totally disabled if their impairment rating is greater than or equal to 35%, whereas under the former IRE provision, the threshold was 50%. *Compare* 77 P.S. § 511.3(2), *with former* 77 P.S. § 511.2(2).

enactment of Act 111 and the IRE. In that case, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. Citing *Rose Corporation*, the Court explained that Act 111 plainly provides for credit of weeks of temporary total and partial disability benefits previously paid and that the General Assembly explicitly provided the credit provisions were to be given retroactive effect. *Pierson*, 252 A.3d at 1179-80. *Rose Corporation* also holds that the plain language of Section 3 of Act 111 explicitly gives employers credit for previous weeks of disability benefits paid. 238 A.3d at 563. The claimant in *Pierson*, like Claimant here, also asserted the vested rights argument, which was also rejected. The Court held that the claimant's "'vested rights' have not been abrogated by Act 111," *id.* at 1180, because "there are reasonable expectations under the Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.* In *Hutchinson*, the Court reaffirmed these holdings. 260 A.3d at 366-67. We note that other claimants have invited the Court to revisit these holdings, but we have declined to do so. *See, e.g., Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022), slip op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022), slip op. at 5-7; and *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10.[7]

---

[7] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Because our analysis in those cases is directly applicable and controlling, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Miller,                                    :
                          Petitioner               :
                                                  :
              v.                                  :    No.  176 C.D. 2022
                                                  :
Prospectus Associates, Inc.                       :
(Workers' Compensation Appeal                     :
Board),                                           :
                          Respondent              :

# **O R D E R**


    **NOW**, March 22, 2023, the Order of the Workers' Compensation Appeal Board, dated February 2, 2022, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge